IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

v.                                              Case No. 4:21-cr-40021

ANTHONY MONROE WILLIS                                                                                         DEFENDANT

**ORDER**

Before the Court is Defendant's Motion to Reveal Confidential Informant. ECF No. 24. The government has responded in opposition to the motion. ECF No. 30. The Court finds the matter ripe for consideration.

On September 2, 2021, during the execution of a search warrant at Defendant's residence, law enforcement officers found and seized suspected methamphetamine, crack cocaine, and hydrocodone. They also seized $24,276.00 in United States currency and seven firearms, one of which was loaded. The search warrant had been issued earlier that same day and was supported by an affidavit of Texarkana Arkansas Police Department Sergeant Kyle Caudle. ECF No. 31-1.

In the affidavit, Sergeant Caudle stated that from April 30, 2021, to August 12, 2021, he participated, using a confidential informant, in seven controlled purchases of methamphetamine from Defendant at his residence. ECF No. 31-1 at 5. Sergeant Caudle also stated that on September 2, 2021, a confidential informant told him that there was a large quantity of methamphetamine located at Defendant's residence, which the confidential informant had reported seeing within eight (8) hours of the warrant application. Sergeant Caudle explained that this confidential informant had been active since 2018 and had participated in numerous investigations that had been successfully prosecuted.

On November 2, 2021, Defendant was charged in this Court with possession with intent to

distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Both offenses were alleged to have occurred on or about September 2, 2021.

Defendant has filed the instant Motion to Reveal Confidential Informant (ECF No. 24), arguing that the disclosure of the confidential informant is required. The government opposes the motion and argues that Defendant's need for disclosure does not outweigh the government's privilege to withhold the identity of its informant. ECF No. 30.

The government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)). When deciding whether to disclose information about an informant, courts must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. In determining whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter*, 257 F.3d at 779.

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)). Similarly, "the identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *United States v. Hollis*, 245 F.3d 671, 674 (8th

Cir. 2001). Defendant bears the burden of showing beyond mere speculation that the disclosure of informants and cooperating individuals would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006).

Defendant argues that the confidential informant's involvement in this case and the crime itself outweighs any interest the public may have in protecting the flow of confidential information. The confidential informant made several controlled drug buys at Defendant's residence, but Defendant has not been charged with these controlled buys. The confidential informant reported seeing methamphetamine at Defendant's residence within the past eight (8) hours, but Defendant was not charged with possessing any drugs the informant saw prior to the execution of the warrant. Instead, Defendant was charged with possessing the methamphetamine and guns found at the residence and outbuilding when the warrant was executed. Thus, the confidential informant was not involved in the crimes charged and is minimally involved in this case.

The confidential informant's role in this case is like that of the confidential informant in *United States v. Harrington*. In *Harrington*, the confidential informant made controlled buys from the defendants at a residence that was later searched pursuant to a warrant. 951 F.2d at 877-88. The confidential informant also reported seeing drugs at the residence the day before the warrant was executed. *Id.* at 878. During the search, police seized crack cocaine and arrested the defendants. *Id.* The defendants were ultimately only charged with possession with intent to distribute crack cocaine. *Id.* at 878.

The Eighth Circuit noted that the confidential informant did not witness or participate in the search of the apartment. *Id.* The Eighth Circuit further noted that the government did not intend to call the informant to testify about any purchases made at the apartment and that the arrests were based solely on the quantities of cocaine found at the residence during the execution of the

warrant.  *Id*.  Because the informant could not offer any evidence bearing on the possession charges against the defendants, the Eighth Circuit reasoned that disclosure of the confidential informant's identity would not aid in insuring the defendants a fair trial.  *Id.*  Thus, the Eighth Circuit held that defendants did not meet their burden of demonstrating the need for disclosure.  *Id.*

Here, the confidential informant is a "tipster" whose observations formed the basis of a search warrant.  The evidence supporting the charges against Defendant was not obtained through the confidential informant's clandestine activities.  Rather, it was seized during the execution of the search warrant.  Thus, the confidential informant is not a necessary witness to the facts regarding the underlying offenses of possession with intent to distribute and possessing a firearm in furtherance of a drug trafficking crime.  As such, the Court finds that Defendant has not met his burden of showing beyond mere speculation that the disclosure of the confidential informant would be material and helpful to his case.  Accordingly, Defendant's Motion to Reveal Confidential Informant (ECF No. 24) is **DENIED**.

**IT IS SO ORDERED**, this 11th day of January, 2023.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge